B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Relativity Holdings LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-3867052 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>9242 Beverly Boulevard, Suite 300<br>Beverly Hills, CA<br>ZIP CODE 90210 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>County of Los Angeles | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other: | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Relativity Holdings LLC |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  See Annex 1 attached hereto. | Case Number: | Date Filed: |
| District:  Southern District of New York | Relationship:  Affiliate | Judge: |

<table>
<tr>
<td>
<b>Exhibit A</b>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)
☐   Exhibit A is attached and made a part of this petition.
</td>
<td>
<b>Exhibit B</b>
(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).
X _____
    Signature of Attorney for Debtor(s)     (Date)
</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                    Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Relativity Holdings LLC** |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of Attorney***

X _____
Signature of Attorney for Debtor(s)
Craig A. Wolfe
Printed Name of Attorney for Debtor(s)
Sheppard Mullin Richter & Hampton, LLP
Firm Name

30 Rockefeller Plaza
New York, NY 10112
Address
(212) 653-8700
Telephone Number
7/30/15
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Brian G. Kushner
Printed Name of Authorized Individual
Chief Restructuring Officer
Title of Authorized Individual
July 30, 2015
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing or before accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# ANNEX 1

## PENDING BANKRUPTCY CASES FILED BY AFFILIATES

Each of the affiliated entities listed below (including the debtor in this chapter 11 case) has concurrently filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Taxpayer I.D. (EIN) | Jurisdiction of Organization |
|---|---|---|
| Relativity Fashion, LLC | 46-3954571 | New York |
| Relativity Holdings LLC | 26-3867052 | Delaware |
| Relativity Media, LLC | 25-1910844 | California |
| Relativity REAL, LLC | 26-2931653 | California |
| RML Distribution Domestic, LLC | 27-3506528 | California |
| RML Distribution International, LLC | 27-3506749 | California |
| RMLDD Financing, LLC | 61-1689114 | California |
| 21 & Over Productions, LLC | 27-2717796 | California |
| 3 Days to Kill Productions, LLC | 45-5455747 | California |
| A Perfect Getaway P.R., LLC | 80-0149252 | California |
| A Perfect Getaway, LLC | 33-1193939 | California |
| Armored Car Productions, LLC | 46-1492750 | California |
| Best of Me Productions, LLC | 46-3731490 | California |
| Black Or White Films, LLC | 47-2086718 | California |
| Blackbird Productions, LLC | 80-0908037 | California |
| Brant Point Productions, LLC | 80-0449994 | California |
| Brick Mansions Acquisitions, LLC | 46-2403910 | California |
| Brilliant Films, LLC | 26-2620448 | California |
| Brothers Productions, LLC | 35-2309930 | California |
| Brothers Servicing, LLC | 38-3765849 | California |
| Catfish Productions, LLC | 27-2717728 | California |
| Cine Productions, LLC | 27-3008359 | Louisiana |
| CinePost, LLC | 26-4218440 | California |
| Cisco Beach Media, LLC | 80-0888621 | California |
| Cliff Road Media, LLC | 47-3227065 | California |
| Den of Thieves Films, LLC | 90-0403046 | California |
| Don Jon Acquisitions, LLC | 46-1887951 | California |
| DR Productions, LLC | 46-5767803 | California |
| Einstein Rentals, LLC | 30-0545861 | California |

| Entity Name | Taxpayer I.D. (EIN) | Jurisdiction of Organization |
|---|---|---|
| English Breakfast Media, LLC | 27-2972240 | California |
| Furnace Films, LLC | 45-2563558 | California |
| Gotti Acquisitions, LLC | 46-2486562 | California |
| Great Point Productions, LLC | 36-4755813 | California |
| Guido Contini Films, LLC | 26-2861031 | California |
| Hooper Farm Music, LLC | 37-1783773 | California |
| Hooper Farm Publishing, LLC | 37-1783762 | California |
| Hummock Pond Properties, LLC | 47-3629862 | California |
| Hunter Killer La Productions, LLC | 47-3241939 | Louisiana |
| Hunter Killer Productions, LLC | 45-3803130 | California |
| In The Hat Productions, LLC | 47-2593140 | California |
| J & J Project, LLC | 54-2191832 | California |
| JGAG Acquisitions, LLC | 46-2819221 | California |
| Left Behind Acquisitions, LLC | 46-2761367 | California |
| Long Pond Media, LLC | 80-0357197 | California |
| Madaket Publishing, LLC | 80-0459356 | California |
| Madaket Road Music, LLC | 80-0459352 | California |
| Madvine RM, LLC | 46-3940646 | Delaware |
| Malavita Productions, LLC | 45-5458636 | California |
| MB Productions, LLC | 47-1214477 | California |
| Merchant of Shanghai Productions, LLC | 46-3727002 | California |
| Miacomet Media LLC | 80-0867371 | California |
| Miracle Shot Productions, LLC | 46-5650015 | California |
| Most Wonderful Time Productions, LLC | 46-0830426 | California |
| Movie Productions, LLC | 01-0939860 | California |
| One Life Acquisitions, LLC | 45-5249061 | California |
| Orange Street Media, LLC | 61-1673089 | California |
| Out Of This World Productions, LLC | 47-0982322 | California |
| Paranoia Acquisitions, LLC | 45-5248747 | California |
| Phantom Acquisitions, LLC | 46-2766381 | California |
| Pocomo Productions, LLC | 80-0951069 | California |
| Relative Motion Music, LLC | 90-0488016 | California |
| Relative Velocity Music, LLC | 80-0357169 | California |
| Relativity Development, LLC | 26-3215296 | California |
| Relativity Film Finance II, LLC | 45-3709082 | California |
| Relativity Film Finance III, LLC | 45-5298893 | California |
| Relativity Film Finance, LLC | 26-3052127 | Delaware |
| Relativity Films, LLC | 36-4615464 | California |
| Relativity Foreign, LLC | 46-1178993 | California |
| Relativity India Holdings, LLC | 47-0988921 | Delaware |

| Entity Name | Taxpayer I.D. (EIN) | Jurisdiction of Organization |
|---|---|---|
| Relativity Jackson, LLC | 26-3766116 | California |
| Relativity Media Distribution, LLC | 26-2620264 | California |
| Relativity Media Films, LLC | 26-4061574 | California |
| Relativity Music Group, LLC | 45-2489540 | California |
| Relativity Production LLC | 20-8217891 | Delaware |
| Relativity Rogue, LLC | 26-3873333 | California |
| Relativity Senator, LLC | 45-4049044 | California |
| Relativity Sky Land Asia Holdings, LLC | 45-5099582 | California |
| Relativity TV, LLC | 46-3420227 | California |
| Reveler Productions, LLC | 47-3092191 | California |
| RML Acquisitions I, LLC | 45-1349406 | California |
| RML Acquisitions II, LLC | 45-1539810 | California |
| RML Acquisitions III, LLC | 45-2749116 | California |
| RML Acquisitions IV, LLC | 45-2994997 | California |
| RML Acquisitions IX, LLC | 46-5114410 | California |
| RML Acquisitions V, LLC | 45-5619532 | California |
| RML Acquisitions VI, LLC | 46-1269640 | California |
| RML Acquisitions VII, LLC | 46-1407747 | California |
| RML Acquisitions VIII, LLC | 46-1687459 | California |
| RML Acquisitions X, LLC | 47-1401009 | California |
| RML Acquisitions XI, LLC | 47-1622651 | California |
| RML Acquisitions XII, LLC | 47-2104226 | California |
| RML Acquisitions XIII, LLC | 47-2279614 | California |
| RML Acquisitions XIV, LLC | 47-2291910 | California |
| RML Acquisitions XV, LLC | 47-3105518 | California |
| RML Bronze Films, LLC | 47-2938636 | California |
| RML Damascus Films, LLC | 46-4236024 | California |
| RML Desert Films, LLC | 46-5024564 | California |
| RML Documentaries, LLC | 46-3687991 | California |
| RML DR Films, LLC | 46-4080022 | California |
| RML Echo Films, LLC | 46-3144656 | California |
| RML Escobar Films LLC | 46-3930123 | California |
| RML Film Development, LLC | 27-2473567 | California |
| RML Films PR, LLC | 68-0681662 | Puerto Rico |
| RML Hector Films, LLC | 46-5066054 | California |
| RML Hillsong Films, LLC | 47-3083539 | California |
| RML IFWT Films, LLC | 47-3411255 | California |
| RML International Assets, LLC | 27-4661910 | California |
| RML Jackson, LLC | 37-1581081 | California |
| RML Kidnap Films, LLC | 47-1792708 | California |

| Entity Name | Taxpayer I.D. (EIN) | Jurisdiction of Organization |
| --- | --- | --- |
| RML Lazarus Films, LLC | 47-2190107 | California |
| RML Nina Films, LLC | 47-2430495 | California |
| RML November Films, LLC | 46-5079701 | California |
| RML Oculus Films, LLC | 46-3682596 | California |
| RML Our Father Films, LLC | 47-3006485 | California |
| RML Romeo and Juliet Films, LLC | 46-2869509 | California |
| RML Scripture Films, LLC | 47-2097845 | California |
| RML Solace Films, LLC | 47-2455125 | California |
| RML Somnia Films, LLC | 46-5127195 | California |
| RML Timeless Productions, LLC | 45-4541996 | California |
| RML Turkeys Films, LLC | 45-5248898 | California |
| RML Very Good Girls Films, LLC | 46-2873685 | California |
| RML WIB Films, LLC | 47-1780102 | California |
| Rogue Digital, LLC | 35-2375578 | California |
| Rogue Games, LLC | 45-3744812 | California |
| Roguelife LLC | 27-1733442 | Delaware |
| Safe Haven Productions, LLC | 45-3326550 | California |
| Sanctum Films, LLC | 27-3377736 | California |
| Santa Claus Productions, LLC | 46-2227398 | California |
| Smith Point Productions, LLC | 32-0419118 | California |
| Snow White Productions, LLC | 27-3833175 | California |
| Spy Next Door, LLC | 90-0403043 | California |
| Story Development, LLC | 46-0660677 | California |
| Straight Wharf Productions, LLC | 30-0545858 | California |
| Strangers II, LLC | 30-0566152 | California |
| Stretch Armstrong Productions, LLC | 46-0780213 | California |
| Studio Merchandise, LLC | 46-5235738 | California |
| Summer Forever Productions, LLC | 47-2719211 | California |
| The Crow Productions, LLC | 45-3326707 | California |
| Totally Interns, LLC | 46-2499980 | California |
| Tribes of Palos Verdes Production, LLC | 46-5656638 | California |
| Tuckernuck Music, LLC | 36-4758713 | California |
| Tuckernuck Publishing, LLC | 80-0913960 | California |
| Wright Girls Films, LLC | 45-5059639 | California |
| Yuma, Inc. | 42-1711669 | New Mexico |
| Zero Point Enterprises, LLC | 46-4549558 | California |

CERTIFICATION OF RESOLUTIONS
OF THE BOARD OF MANAGERS

The undersigned, being the person authorized by the Board of Managers (the "Board") of RELATIVITY HOLDINGS LLC, a limited liability company organized under the laws of the State of Delaware (the "Company"), to certify the resolutions of the Board attached hereto (the "Resolutions"), does hereby certify as follows:

1. I am familiar with the facts herein certified, and I am duly authorized by the Board to certify the Resolutions on behalf of the Company and the Board.

2. The attached Resolutions are a true, correct and complete copy of the Resolutions duly adopted by the Board on July 29, 2015.

3. The Resolutions have not been modified or rescinded and are in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered as of July 29, 2015.

**RELATIVITY HOLDINGS LLC**

By: _____
Name:  Gregory G. Shamo
Title:   Person authorized under the attached Resolutions to certify same.

RESOLUTIONS OF THE BOARD OF MANAGERS

OF

RELATIVITY HOLDINGS LLC

July 29, 2015

Effective as of the date above, pursuant to a special telephonic meeting on the same date, the board of managers (the "Board") of RELATIVITY HOLDINGS LLC, a limited liability company organized under the laws of the State of Delaware (the "Company"), upon a motion duly made and acting pursuant to the Company's operating agreement and the Delaware Limited Liability Company Act, took the following actions and adopted the following resolutions (the "Resolutions"):

**WHEREAS**, the Board has reviewed and considered the information presented by (and have consulted with) the Company's management and advisors regarding the liabilities, assets, and liquidity of the Company and each of its direct and indirect subsidiaries that are listed on Exhibit A hereto (the "Filing Subsidiaries"), the strategic alternatives available to the Company and the Filing Subsidiaries, and the impact of the foregoing on the businesses of the Company and each of the Filing Subsidiaries.

1.    **Commencement of Chapter 11 Case**.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company has been unable to obtain further forbearances from the secured lenders and additional financing absent the Company taking the actions contemplated herein, and absent such forbearances and financing, the Board, in its judgment, has determined that it is desirable and in the best interests of the Company, the Filing Subsidiaries, their respective creditors, employees and other stakeholders that petitions be filed by the Company and the Filing Subsidiaries seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED**, that the Company and the Filing Subsidiaries shall be, and each hereby are, authorized to (a) file a voluntary petition (each a "Petition" and collectively, the "Petitions") for relief under Chapter 11 of the Bankruptcy Code thereby commencing Chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases"), in the United States Bankruptcy Court for the Southern District of New York or such other court as the Authorized Person or the CRO (each as defined below) shall determine to be appropriate (the "Bankruptcy Court") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing;

**RESOLVED**, that, effective as of immediately prior to the filing of the first Petition, Brian G. Kushner shall be and hereby is appointed as the Company's Chief Restructuring Officer ("CRO") and Luke S. Schaeffer shall be and hereby is appointed as the Company's Deputy Chief Restructuring Officer ("DCRO"), the CRO and DCRO each serving as officers of the Company reporting to the Board, and with the CRO reporting directly to the Board on all aspects of Chapter 11 Cases, with full power to call meetings of the Board and to establish agendas for such

meetings, and with the direction or authorization of the Board to, among other actions that would be customary for one serving in the capacity of a chief restructuring officer: (i) authorize disbursements; (ii) oversee the financial aspects of the Company and the Filing Subsidiaries, including preparing cash forecasts, financial projections, budgets, reports, bankruptcy court reporting and schedules of assets and liabilities and statements of financial affairs; (iii) negotiate the assumption and rejection of contracts, leases, licenses, and other agreements and asset dispositions, (iv) effectuate ordinary course hiring of and terminating employees and independent contractors; (v) create business plans; (vi) communicate and negotiate with current and prospective lenders and other creditors and equity holders; (vii) negotiate and effectuate asset dispositions; (vii) negotiate the terms of any settlements or Chapter 11 plans of reorganization or liquidation; (ix) authorize motions and filings in the bankruptcy court; (x) authorize the initiation of adversary proceedings in the bankruptcy court and other courts; and (xi) serve as a witness in court on behalf of the Company and the Filing Subsidiaries;

**RESOLVED**, that Brian G. Kushner (the "Authorized Person") is hereby authorized and directed to (i) cause to be filed the Petition on behalf of the Company and each of the Filing Subsidiaries, (ii) execute the Petitions and the appropriate certifications and written consents and/or resolutions in support of the Petitions and the Chapter 11 Cases, and (iii) execute, acknowledge, deliver, verify, certify, and file, or cause to be filed, any required filings in the Chapter 11 Cases on behalf of the Company and each of the Filing Subsidiaries, including, without limitation, those referenced in the preceding clauses (i) and (ii); and

**RESOLVED**, that the Authorized Person shall be, and hereby is, authorized (and may direct Luke S. Schaeffer or other designee acting under the Authorized Person's direction) to execute, acknowledge, deliver, verify, certify, and file, or cause to be filed in the Chapter 11 Cases, all petitions, motions, applications, declarations, affidavits, pleadings and other documents and to perform any and all further acts that are necessary or desirable in the Chapter 11 Cases.

2.      **Retention of Professionals and Claims and Noticing Firm.**

**NOW, THEREFORE, BE IT RESOLVED**, that the two law firms, Sheppard Mullin Richter & Hampton LLP and Jones Day, shall be, and hereby are, retained by the Company and the Filing Subsidiaries as co-counsel to represent the Company and the Filing Subsidiaries in their Chapter 11 Cases, subject to the approval of the Bankruptcy Court, for the purpose of assisting the Company and the Filing Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights of the Company and the Filing Subsidiaries, including filing any pleading, and in connection therewith;

**RESOLVED**, that FTI Consulting, Inc. ("FTI") shall be, and hereby is, retained by the Company and the Filing Subsidiaries to serve as crisis and turnaround manager and to provide the CRO, DCRO, and additional temporary employees to the Company and the Filing Subsidiaries pursuant to the engagement letter between the Company and FTI, dated June 15, 2015, as amended on June 22, 2015 (the "FTI Amendment");

**RESOLVED**, that the Company's engagement of FTI as of and after the filing of the Company's Petition, subject to the approval of the Bankruptcy Court, shall be governed by the engagement

letter between the Company and FTI to be dated as of July 30, 2015 (the "FTI Postpetition Engagement Letter");

**RESOLVED**, that Blackstone Advisory Partners L.P. ("Blackstone") shall be, and hereby is, retained by the Company and the Filing Subsidiaries to provide investment banking services to the Company and the Filing Subsidiaries pursuant to the engagement letter between the Company and Blackstone, dated July 15, 2015;

**RESOLVED**, that Donlin, Recano & Company, Inc. ("Donlin Recano") shall be, and hereby is, employed by the Company to provide consulting services to the Company and the Filing Subsidiaries regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties, pursuant to the engagement letter between the Company and Donlin Recano, executed on or about July 19, 2015; and

**RESOLVED**, that the Authorized Person and any other officer of the Company shall be, and hereby are, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Donlin Recano, the professionals specifically identified in this Section 2 (the "Professionals"), and other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified in this Section 2 ("Other Professionals") (and amendments thereto), and to cause the Company and/or the Filing Subsidiaries to pay appropriate retainers to such firms prior to the filing of the Chapter 11 Cases or after to the extent appropriate and permitted in the Chapter 11 Cases, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such firms.

3.      **Postpetition Financing and Use of Cash Collateral.**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Person shall be, and hereby is, authorized to execute, on behalf of the Company, that certain Debtor-in-Possession Financing Agreement, dated as of July 30, 2015, by and among Relativity Media, LLC and Each Subsidiary Thereof Identified As Borrowers on the Signature Pages Hereto, each a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code, as Borrowers, Relativity Holdings LLC, a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code, as Guarantor, the Lenders From Time to Time Party Hereto, as Lenders, and Cortland Capital Market Services LLC, as Collateral Agent and Administrative Agent.

4.      **Asset Sale**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Person shall be, and hereby is, authorized to commence the process of marketing and selling the assets of the Company and its Filing Subsidiaries in a process to be approved by the Bankruptcy Court, and if the Board subsequently determines that it is beneficial and appropriate, the Board may authorize the CRO to have prepared and filed, with the appropriate supporting documents, a Chapter 11 plan of reorganization for the Company and all or part of the Filing Subsidiaries.

5.      **Reduction in Workforce**.

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Person shall be, and hereby is, authorized and directed to cause the termination of approximately 88 employees of the Company and/or certain of the Filing Subsidiaries.

6.      **Omnibus Resolutions**.

**NOW, THEREFORE, BE IT RESOLVED,** that in connection with the Chapter 11 Cases, the Authorized Person shall be, and hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any other notes, guarantees, security agreements, cash collateral and other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate any other use of cash, borrowing or other financial arrangements approved by the Board, including but not limited to insurance premium financing, such determination to be evidenced by such execution or taking of such action;

**RESOLVED**, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Authorized Person or his designee or any other officer of the Company, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions;

**RESOLVED**, that the Authorized Person and any other officer of the Company or the Filing Subsidiaries shall be, and hereby is, authorized to take any actions and to provide any notices to any financial institutions of the Company and/or Filing Subsidiaries;

**RESOLVED**, that any and all actions lawfully done for and on behalf and in the name of the Company by any officer, Professionals or Other Professionals engaged by the Company in connection with the Chapter 11 Cases with respect to any transactions contemplated by these Resolutions before or after their adoption be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and

**RESOLVED**, that the Authorized Person, Luke S. Schaeffer, Gregory G. Shamo, and any proper officer of the Company shall be, and hereby are, authorized and directed to certify and/or attest to these Resolutions, certificate of incumbency and such other documents or instruments that such persons may deem necessary or appropriate in connection with the foregoing matters; *provided, however*, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY HOLDINGS LLC, | Case No. 15-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, Relativity Holdings LLC hereby states that Heatherden Securities LLC and YC Relativity LLC each own more than 10% of the equity interests of Relativity Holdings LLC.

Relativity Holdings LLC does not directly or indirectly own 10% or more of any other corporation's publicly traded equity interests.  Relativity Holdings LLC does not own a direct interest in any general or limited partnerships or joint ventures.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized and designated signatory for the limited liability company named as the debtor in this chapter 11 case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my information and belief.

By: _____

Name:   Brian G. Kushner

Title:   Chief Restructuring Officer

Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (*pro hac vice* pending)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 50 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "**Consolidated List**") based on the Debtors' books and records as of approximately July 29, 2015.  The Consolidated List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect

(2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim for any reason.

---

Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

| | (1)<br><br>Name of Creditor | (2)<br><br>Complete mailing address, and name and telephone number of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claims (trade debt, bank loan, government contracts, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to set off | (5)<br><br>Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 1. | Carat USA | 2700 Pennsylvania Ave, 2nd Floor<br>Santa Monica, CA 90404<br>Fax: 310-255-1021 | Trade | Disputed | 36,812,731 |
| 2. | Palisades Mediagroup | 1620 26th Street, #200 S<br>Santa Monica, CA 90404<br>Fax: 310-828-7852 | Trade | | 5,172,626 |
| 3. | Cinram Group, Inc. | 2255 Markham Road<br>Toronto, Ontario<br>Canada M1B2W2<br>Fax: 416-298-0612 | Loan | | 4,197,187 |
| 4. | Technicolor Digital Cinema | 3401 N. Centre Lake Dr., Suite 500<br>Ontario, CA 91761<br>Fax: 909-974-2005 | Trade | | 3,437,150 |
| 5. | Technicolor, Inc. | 6040 West Sunset Boulevard<br>Hollywood, CA 90028<br>Fax: 909-974-2005 | Loan | | 3,057,047 |
| 6. | Cinedigm Digital Cinema Corp. | 902 Broadway, 9th Floor<br>New York, NY 10010<br>Fax: 212-598-4898 | Trade | | 1,949,896 |
| 7. | Left Behind Investments, L.L.C. o/b/o Ollawood Prod., LLC | 1 St. Paul Street, Suite 701<br>St. Catharines, Ontario<br>Canada L2R 7L4<br>Fax: 905-684-7946 | Trade | | 1,809,434 |
| 8. | American Express | 200 Vesey Street<br>New York, NY 10285-3106<br>Fax: 212-640-0404 | Business Credit Cards | | 1,518,450 |
| 9. | Say Media, Inc. | 180 Townsend St. 1st Floor<br>San Francisco, CA 94107<br>Fax: 415-979-1586 | Trade | | 1,487,350 |
| 10. | Kasima LLC | One International Blvd, #902<br>Mahwah, NJ 07495<br>Fax: 201-252-4215 | Trade | | 1,049,846 |
| 11. | Deluxe Advertising Services, LLC | 2400 West Empire Ave., Suite 200<br>Burbank, CA 91504<br>Fax: 818-260-2125 | Trade | | 861,750 |
| 12. | Allied Integrated Marketing | 55 Cambridge Parkway, Ste. 200<br>Cambridge, MA 02142<br>Fax: 617-247-8380 | Trade | | 766,142 |

| | (1)<br><br>Name of Creditor | (2)<br><br>Complete mailing address, and name and telephone number of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claims (trade debt, bank loan, government contracts, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to set off | (5)<br><br>Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 13. | Clarius BIGS | 9100 Wilshire Blvd., Suite 520E<br>Beverly Hills, CA 90212<br>Fax: 310-360-7033 | Trade | | 648,942 |
| 14. | Google, Inc. | 1600 Amphitheatre Pkwy.<br>Mountain View, CA 94043<br>Fax: 650-963-3574 | Trade | | 647,874 |
| 15. | Buddha Jones | 910 N. Sycamore Ave.<br>Los Angeles, CA 90038<br>Fax: 323-850-3321 | Trade | | 607,988 |
| 16. | Huddled Masses, LLC | 79 Madison Ave., 2nd Floor<br>New York, NY 10016<br>Fax: 206-350-1704 | Trade | | 579,398 |
| 17. | Identical Production Company, LLC | 6213 Charlotte Pike, Ste. 111<br>Nashville, TN 37209<br>Fax: 615-633-4773 | Trade | | 550,000 |
| 18. | Story Pictures, LLC | 5738 Calpine Dr.<br>Malibu, CA 90265 | Trade | | 500,000 |
| 19. | K&L Gates LLP | 925 Fourth Ave., #2900<br>Seattle, WA 98104<br>Fax: 206-623-7022 | Legal Services | | 489,249 |
| 20. | Workshop Creative LLC | 9006 Melrose Ave.<br>West Hollywood, CA 90069<br>Fax: 818-566-8995 | Trade | | 478,805 |
| 21. | Major League Gaming | 3 Park Ave., Floor 32<br>New York, NY 10016 | Trade | | 400,000 |
| 22. | MarketCast, LLC | 1801 W. Olympic Blvd.<br>Pasadena, CA 91199<br>Fax: 323-617-9537 | Trade | | 386,000 |
| 23. | Technicolor Entertainment Services | 3401 N. Centre Lake Dr., Suite 500<br>Ontario, CA 91761<br>Fax: 909-974-2005 | Trade | | 342,214 |
| 24. | Panay Films, Inc. | 2029 Century Park East, Ste. 1500<br>Los Angeles, CA 90067<br>Fax: 310-785-9035 | Trade | | 331,005 |
| 25. | Ease Services, LP | 8383 Wilshire Blvd., Suite 100<br>Beverly Hills, CA 90211<br>Fax: 310-469-7314 | Trade | | 325,959 |

| | (1)<br><br>Name of Creditor | (2)<br><br>Complete mailing address, and name and telephone number of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claims (trade debt, bank loan, government contracts, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to set off | (5)<br><br>Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 26. | Screen Engine, LLC | 10635 Santa Monica Blvd., Suite #125<br>Los Angeles, CA 90025<br>Fax: 310-361-8499 | Trade | | 306,155 |
| 27. | Nielsen NRG, Inc. | 6255 Sunset Blvd., 19th Floor<br>Los Angeles, CA 90028<br>Fax: 201-590-6923 | Trade | | 301,760 |
| 28. | Create Advertising Group | 6022 Washington Blvd.<br>Culver City, CA 90232<br>Fax: 310-280-2991 | Trade | | 300,091 |
| 29. | Bad Beard Productions | 1890 S Cochran Ave., #6<br>Los Angeles, CA 90019 | Trade | | 299,907 |
| 30. | Holthouse Carlin & Van Trigt LLP | 1801 W. Olympic Blvd.,<br>Pasadena, CA 91199<br>Fax: 626-243-5101 | Accountancy & Tax Services | | 298,517 |
| 31. | EuropaCorp Films USA, Inc. | 137 Rue du Faubourg<br>Saint-Honoré Paris 75008 France<br>Fax: +33-1-53-83-03-04 | Trade | | 297,233 |
| 32. | Christie Digital Systems USA | 10650 Camden Dr.<br>Cypress, CA 90630<br>Fax: 714-503-3375 | Trade | | 274,930 |
| 33. | Technicolor Creative Services USA Inc. | 3401 N Centre Lake Dr, Suite 500<br>Ontario, CA 91761<br>Fax: 909-974-2005 | Trade | | 261,415 |
| 34. | Katz Media Group | 12022 Collection Center Dr.<br>Chicago, IL 60693<br>Fax: 212-424-6489 | Trade | | 251,667 |
| 35. | Fishbowl, LLC | 751 Fairfax Ave.<br>Los Angeles, CA 90046<br>Fax: 310-550-8080 | Trade | | 240,575 |
| 36. | IMG Models | 304 Park Ave. South, Penthouse North<br>New York, NY 10010<br>Fax: 212-253-0395 | Trade | | 240,000 |
| 37. | Atlas Digital LLC | 170 S. Flower Street<br>Burbank, CA 91502<br>Fax: 323-878-0020 | Trade | | 214,691 |

| | (1) Name of Creditor | (2) Complete mailing address, and name and telephone number of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claims (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to set off | (5) Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 38. | Debmar-Mercury, LLC | 225 Santa Monica Blvd., 8th Floor Santa Monica, CA 90401 Fax: 310-393-6110 | Trade | | 212,500 |
| 39. | mOcean Pictures LLC | 2440 S. Sepulveda Blvd., Suite #150 Los Angeles, CA 90064 Fax: 310-481-0807 | Trade | | 202,663 |
| 40. | Alexander Wang, Inc. | 386 Broadway New York, NY 10013 Fax: 212-532-3110 | Trade | | 200,000 |
| 41. | National CineMedia, LLC | 9110 East Nichols Avenue, Suite 200 Centennial, CO 80112 Fax: 303-792-8202 | Trade | | 199,303 |
| 42. | Ignition Creative LLC | 12959 Coral Tree Place Los Angeles, CA 90066 Fax: 310-315-6301 | Trade | | 196,914 |
| 43. | Sony Electronics Inc. | 10202 W. Washington Blvd. Culver City, CA 90232 Fax: 201-930-6065 | Trade | | 193,595 |
| 44. | Eclipse Marketing Services | 490 Headquarters Plaza North Tower, 10th Floor Morristown, NJ 07960 Fax: 973-695-0209 | Trade | | 180,646 |
| 45. | Daniel Segal | 7 Winthrop Street, PO Box 37 Essex, MA 01929-1203 Fax: 978-768-6570 c/o Lowe Law, PC 11400 Olympic Blvd., Ste. 640 Los Angeles, CA 90025 Fax: 310-477–7672 | Litigation | Disputed | Unknown |
| 46. | Patrick White | 8506 1/2 S San Pedro St. Los Angeles, CA 90003 | Litigation | Disputed | Unknown |
| 47. | Bruce Talamon | 3626 Mount Vernon Drive Los Angeles, CA 90008 | Litigation | Disputed | Unknown |
| 48. | Kenneth Heusey | 190 Smithfield Street Pittsburgh, PA 15222 | Litigation | Disputed | Unknown |

| | (1)<br><br>Name of Creditor | (2)<br><br>Complete mailing address, and name and telephone number of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claims (trade debt, bank loan, government contracts, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to set off | (5)<br><br>Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 49. | Jeff Most; Jeff Most Productions, Inc. | c/o Gersh Derby, LLP<br>15321 Ventura Boulevard, Suite 515<br>Encino, California 91436<br>Fax: 818-981-4618 | Litigation | Disputed | Unknown |
| 50. | Michael Matthew Jarman | 15234 Lakes of Delray Blvd.<br>Delray Beach, FL 33484 | Litigation | Disputed | Unknown |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized and designated signatory of the limited liability company

named as the debtor in this case, declare under penalty of perjury that I have read the foregoing

Consolidated List of Creditors Holding 50 Largest Unsecured Claims and that it is true and

correct to the best of my information and belief.

By: _____
Name:    Brian G. Kushner
Title:     Chief Restructuring Officer